**CHUPIK CORPORATION,**
**Plaintiff-Appellant,**

v.

**FEDERAL SAVINGS & LOAN**
**INSURANCE CORPORATION,**
**Defendant-Appellee.**

**No. 85–1801**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 6, 1986.

Jerry L. Carlton, Matthews, Carlton & Stein, Dallas, Tex., for plaintiff-appellant.

Timothy M. McDaniel, Hutcheson & Grundy, T. Michael Wall, Houston, Tex., Bruce Anton, Dallas, Tex., for defendant-appellee.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

Empire Savings and Loan Association (Empire), a savings and loan institution chartered under Texas laws and insured by the Federal Savings and Loan Insurance Corporation (FSLIC), extended twenty-six loans to finance the construction of condominium projects in Dallas County, Texas. As security for these loans, the borrowers gave first mortgage liens to Empire under

**1270**

deeds of trust. Chupik Corporation (Chupik) supplied materials for the construction of these projects. When Chupik was not paid for the materials supplied, Chupik perfected its materialman's lien rights under Texas law.

On March 14, 1984 the Federal Home Loan Bank Board (Bank Board) determined that Empire was insolvent and, with the approval of the Texas Savings and Loan Commissioner, appointed the FSLIC as sole receiver of Empire for the purpose of its orderly liquidation. In exercising its federal power of receivership, FSLIC began liquidating Empire's assets and acquiring, through foreclosure of its deeds of trust, the properties upon which Chupik claims materialman's liens.

On September 14, 1984, Chupik filed this suit against the FSLIC seeking to foreclose materialman's liens and seeking a declaratory judgment regarding competing lien claims based on Texas law. On September 9, 1985, the FSLIC filed a motion to dismiss for want of subject matter jurisdiction, contending that under federal law and this court's decision in *North Mississippi Savings & Loan Association v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), Chupik is required to exhaust administrative procedure remedies before pursuing adjudication of its claims in this court. On October 22, 1985 the district court granted the FSLIC's motion and dismissed the case.

 Chupik has appealed the district court's dismissal of its action, contending that it is not a creditor of either Empire or the FSLIC so that its claims need not be determined by administrative procedures. Chupik also claims that adjudication of its interest will not restrain nor affect the exercise of FSLIC's powers or functions as receiver because the FSLIC lacks the authority to grant foreclosure of Chupik materialman's liens. Finally, Chupik contends that requiring administrative action on its claims will not serve the congressional purpose of expediting liquidation of the receivership. We find all of these claims to be without merit.

In *Hudspeth*, this court discussed the broad scope and purpose of section 1464; we find no reason to reiterate that discussion here. Nonetheless, we re-emphasize that "resolution of even the facial merits of claims outside the statutory reorganization process" is a "restraint" within the scope of section 1464 and thus is to be avoided. 756 F.2d 1102. We once again reject the opportunity to interfere with the FSLIC's duties as receiver when liquidating a failed institution. For this reason, the judgment of the district court is

AFFIRMED.