**FIRST FINANCIAL SAVINGS AND LOAN OF EL DORADO, First Federal Savings and Loan Association of Rogers, Arkansas, et al., Plaintiffs,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Firstsouth, F.A., Defendant.**

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Firstsouth, F.A., Plaintiff/Counterdefendant,**

v.

**FIRST JACKSONVILLE BANK, et al, Defendants/Counterplaintiffs.**

Nos. LR–C–86–724, LR–C–86–725.

United States District Court, E.D. Arkansas, W.D.

Jan. 21, 1987.

Allan Gates, Mitchell, Williams, Selig, Jackson & Tucker, Little Rock, Ark., for First Financial Sav. and Loan of El Dorado and First Jacksonville Bank.

Peter Heister and Randall Miller, Eichenbaum, Scott, Miller, Crockett, Liles & Heister, James Wesley Cherry, Jr., Little Rock, Ark., Hopkins & Sutter, Chicago, Ill., Andrews & Kurth, Houston, Tex., for Federal Sav. and Loan Ins. Corp.

## MEMORANDUM OPINION AND ORDER

HENRY WOODS, District Judge.

Pending now before this court is the motion of the Federal Savings and Loan Insurance Corporation (FSLIC), as receiver for First South, F.A., to dismiss the Amended Complaint and Amended Counterclaim of the parties collectively referred to as the "Sundance Participants" pursuant to Rules 12(b)(1) and 12(b)(6) of the Fed.R. Civ.P.

## I. INTRODUCTION

This proceeding arises out of two consolidated state court actions between First-South (now under the control of the FSLIC as receiver), the lead lender in connection with a real estate development known as Sundance Resort Condominiums, and six other financial institutions which purchased participations in the loan (the Sundance Participants). In the state court action a letter opinion was rendered by David Bogard, Circuit Judge of Pulaski County, Arkansas, in which all claims were decided adversely to First South and in favor of the Sundance Participants. Judge Bogard instructed the Sundance Participants, as the prevailing party, to prepare the precedent for his signature. However, before Judge Bogard signed the precedent and entered the judgment, the FSLIC, as receiver for FirstSouth, removed the case to this court in accord with the requirements of 28 U.S.C. § 1446(a) and pursuant to 28 U.S.C. § 1441. Jurisdiction was predicated upon 12 U.S.C. § 1730(k)(1) and 28 U.S.C. §§ 1331 and 1346.

The FSLIC now moves this court to dismiss the Amended Complaint and the Amended Counterclaim brought against it by the Sundance Participants on the ground that the claims of the Sundance Participants should be pursued in administrative proceedings as claims in the FSLIC receivership. For the reasons set forth below, the motion of the FSLIC to dismiss is granted, and the claims of the FSLIC, as receiver for FirstSouth, against the Sundance Participants are dismissed with prejudice.

## II. ANALYSIS AND CONCLUSIONS

The FSLIC was duly appointed as receiver for FirstSouth by the Federal Home Loan Bank Board (FHLBB) pursuant to 12 U.S.C. § 1464(d)(6)(A) and 12 U.S.C. § 1464(d)(6)(B)(i). *See* certified copy of resolution attached as Exhibit "A" to the FSLIC's Motion to Dismiss. As receiver, the FSLIC now argues that all claims, including litigation pending against First-South, must be referred to an administrative procedure established under federal regulations and statutes. The FSLIC's argument is based upon the language of 12 U.S.C. § 1464(d)(6)(C) and 12 U.S.C. § 1729(d).

§ 1729(d) authorizes the FSLIC to settle, compromise, or release claims in favor of or against the insured institution, and to do all other things that may be necessary in connection therewith, subject only to the regulation of the FHLBB. Additionally, § 1464(d)(6)(C) provides that no court may take any action, except at the instance of FHLBB, which will restrain or affect the exercise of powers or functions of a receiver. The FSLIC argues that these statutes effectively remove jurisdiction from this court which would otherwise be proper under 12 U.S.C. § 1730(k)(1). In *North Mississippi Savings and Loan Ass'n. v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985) the Fifth Circuit agreed with the FSLIC's position and ruled that sections 1464(d)(6)(C) and 1729(d) require claims against the receivership to be first presented to the FSLIC for administrative decision, and then appealed to the FHLBB. Under the Administrative Procedures Act, 5 U.S.C. §§ 701–706, this court may exercise jurisdiction over claims against the receivership only after these administrative remedies

have been exhausted. Nearly every other federal district court to consider the effect of sections 1464(d)(6)(C) and 1729(d) has followed the *Hudspeth* ruling. *See* appendix to the FSLIC's Memorandum in Support of its Motion to Dismiss.

 In accord with the great weight of authority, it is the opinion of this court that the claims of the Sundance Participants against the FSLIC, as receiver, have been "switched to the administrative track" by sections 1464(d)(6)(C) and 1729(d). *Hudspeth*, 756 F.2d at 1103. The Sundance Participants may challenge decisions of the FSLIC before the FHLBB, and, if dissatisfied may seek judicial review under the Administrative Procedures Act.

The Sundance Participants argue in the alternative that if dismissal is proper, the decision of Judge Bogard in the Pulaski County Circuit Court must be fully binding on the FSLIC and the FHLBB in their administrative proceedings based upon principles of collateral estoppel and equitable estoppel. The Sundance Participants note that the FSLIC was aware of and controlled the litigation on behalf of FirstSouth in the state court, and point out further that the FSLIC, as receiver, stands in the shoes of, and is in privity with, FirstSouth for the purposes of the claims before this court. Moreover, the Sundance Participants have submitted to this court the Affidavit of Judge Bogard stating that he would have signed the judgment form attached to said Affidavit had the case not been removed to this court. *See* Exhibit "D" to the Sundance Participants' Memorandum in Response to FSLIC's Motion to Dismiss. Also submitted was a letter opinion setting forth Judge Bogard's findings of fact and conclusions of law. *See Id.,* Exhibits "A" and "B." Said Affidavit and letter opinion are attached to this order and incorporated by reference as if fully set forth herein.

 Based upon a careful review of the pleadings and briefs submitted by the parties, it is the opinion of this court that the issues between the parties have been fully adjudicated in the Circuit Court of Pulaski County, Arkansas, and that the FSLIC and the FHLBB are estopped from relitigating all claims which were brought, or which could have been brought, in that action.

Accordingly:

1.) The claims and counterclaims of the FSLIC, as receiver for FirstSouth, against First Jacksonville Bank, Larry T. Wilson, First Security Bank, B. Art Rand, Reynie Rutledge, First Financial Savings and Loan Association of El Dorado, Arkansas, First Texas Savings and Loan Association, Railroad Savings and Loan Association and Wynne Federal Savings and Loan Association are hereby dismissed with prejudice.

2.) The claims and counterclaims of First Jacksonville Bank, Larry T. Wilson, First Security Bank, B. Art Rand, Reynie Rutledge, First Financial Savings and Loan Association of El Dorado, Arkansas, First Texas Savings and Loan Association, Railroad Savings and Loan Association and Wynne Federal Savings and Loan Association against the FSLIC, as receiver for FirstSouth, to recover such sums as are set forth in the attached Affidavit of Bogart, J., must be pursued through administrative procedures as required by the FSLIC and the FHLBB and are hereby dismissed for lack of subject matter jurisdiction.