**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, Plaintiff,**

v.

**J. William OLDENBURG, et al., Defendants.**

**AMERICAN FEDERAL SAVINGS & LOAN ASSOCIATION, et al., Plaintiff-intervenors,**

v.

**J. William OLDENBURG, et al., Defendants.**

**Civ. No. 85–C–1418W.**

United States District Court, D. Utah, C.D.

April 8, 1987.

Herschel J. Saperstein, Glen E. Davies, Salt Lake City, Utah, John R. Gall, David W. Alexander, Columbus, Ohio, for plaintiff.

Merlin O. Baker, Jonathan A. Dibble, Salt Lake City, Utah, Henry F. Field, Ronald A. Damashek, Chicago, Ill., for plaintiff-intervenor American Federal Sav. & Loan.

Tim Dalton Dunn, Edward L. Clissold, II, Salt Lake City, Utah, for defendant MGIC Indem. Corp., American Cas. Ins. Co. and CNA Ins. Companies.

Robert A. Peterson, Salt Lake City, Utah, for defendants Eugene Miller, Anthony T. Pontarelli and James L. Kennedy.

Harold G. Christensen, Max D. Wheeler, Salt Lake City, Utah, David E. Bordon, Michael B. McGeehon, San Francisco, Cal., for defendants Lloyd Underwriters, Non-Marine Ass'n Members, et al.

Rodney G. Snow, Neil A. Kaplan, Salt Lake City, Utah, for defendant Nicholas L. Muccino.

Philip E. Handin, San Francisco, Cal., for defendant Martin L. Mandel.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on plaintiff-intervenors' motion for reconsideration of magistrate's orders. Plaintiff-intervenors American Federal Savings & Loan Association, et al. and plaintiff Federal Savings and Loan Insurance Corporation ("FSLIC") submitted memoranda and this matter was argued orally on March 16, 1987. Herschel J. Saperstein and John R. Gall appeared on behalf of FSLIC and Henry F. Field and Merlin O. Baker appeared on behalf of plaintiff-intervenors. Following oral argument the court took these matters under advisement. After considering the arguments of counsel, the memoranda and the relevant authority the court now renders the following decision and order.

### I.

Plaintiff-intervenors are approximately forty savings and loan and savings ·banks that participated in five condominium development projects (the "Projects"). Their complaint in intervention claims fraud and other breaches of duty in connection with the financing and development of the Projects. The original complaint in this action was filed by FSLIC on December 31, 1985. FSLIC brought the complaint by assignment of rights from State Savings & Loan Association, the Project lead lender. FSLIC was appointed receiver of States Savings after the Federal Home Loan Bank Board ("FHLBB") found States Savings to be insolvent. FSLIC, as receiver, subsequently assigned the States Savings' claims which are the subject of this litigation to FSLIC in its corporate capacity.

In their motion for intervention, brought before Magistrate Boyce,[1] plaintiff-intervenors argued that they were entitled to intervene as a matter of right and as a matter of discretion because the FSLIC could not adequately represent the interests of plaintiff-intervenors. FSLIC raised a limited opposition to the intervention arguing that paragraphs 9 and 93 of the complaint in intervention raised questions which were outside of the subject matter jurisdiction of the court.

FSLIC objected to the complaint in intervention to the extent that it sought to adjudicate whether plaintiff-intervenors' rights to receivership assets were equitably superior to those of FSLIC. FSLIC argued to Magistrate Boyce that paragraphs 9 and 93 make claims of equitable subordination and priority as between the rights of plaintiff-intervenors and FSLIC. FSLIC argued that such relief was precluded by 12 U.S.C. § 1464(d)(6)(C) which provides that "no court may take any action ... [to] restrain or affect the exercise of powers or functions of a conservator or receiver."

In an order dated July 22, 1986,[2] Magistrate Boyce authorized the plaintiff-intervenors to file their complaint in intervention. However, Magistrate Boyce also ruled that the complaint in intervention could not make any claim of equitable subordination or priority as between plaintiff-intervenors and FSLIC. Plaintiff-intervenors now bring this motion for reconsideration of the magistrate's orders.

### II.

■ This motion presents the question of whether the FSLIC has exclusive jurisdic-

---

1. This court referred the case to the magistrate under 28 U.S.C. § 636(b)(1)(B) on June 30, 1986.

2. Magistrate Boyce also issued a supplemental order on August 19, 1986, in response to plaintiff-intervenors' motion to clarify the magistrate's July 22, 1986 order.

tion to adjudicate claims against the assets of insolvent Savings and Loan Associations placed in FSLIC receivership. The Court of Appeals for the Fifth Circuit adopted the FSLIC's position in *North Mississippi Savings & Loan Association v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985) *cert. denied*, —— U.S. ——, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). The position advocated by plaintiff-intervenors was recently adopted by the Ninth Circuit.[3] *Morrison-Knudsen Co., Inc. v. CHG International, Inc.*, 811 F.2d 1209 (9th Cir.1987).[4] Although the issue is a close one, the court adopts the reasoning of the Fifth Circuit.

The authority of this court to intervene in issues relating to FSLIC receiverships is limited by 12 U.S.C. § 1464(d)(6)(C), which states:

> Except as otherwise provided in this subsection, no court may ..., except at the instance of the [FHLBB], restrain or affect the exercise of powers or functions of a conservator or receiver.

12 U.S.C. § 1729(d) states:

> In connection with the liquidation of insured institutions, the [FSLIC] shall have power ... to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to the regulation of the Federal Home Loan Bank Board....

The FHLBB has also enacted regulations describing the procedure claimants can follow in obtaining compensation for their claims. 12 C.F.R. § 549.4 (1986). These regulations stipulate that FSLIC's disallowance of claims "shall be final, except as the [FHLBB] may otherwise determine." *Id.*

Plaintiff-intervenors argue, and the Ninth Circuit found, that these code sec-

tions and regulations do not grant the FSLIC adjudicatory power. The Ninth Circuit argues that a receiver's functions do not ordinarily include adjudication, and that these code sections do not authorize it. *Morrison-Knudsen*, 811 F.2d at 1217.

Although the statutory authority is meager, this court does not agree with the Ninth Circuit's conclusion. Congress has stipulated that the power of the FSLIC to settle, compromise and release claims was to be subject only to the regulation of the Federal Home Loan Bank Board.[5] This language, coupled with the specific determination that courts were not to "restrain or affect the functions of a receiver"[6] indicate to this court that Congress intended for FSLIC receivers to have some measure of adjudicatory power. In addition, the FHLBB regulations, which are entitled to the court's deference,[7] set up an adjudicatory process with the FSLIC and authorize appeals to the FHLBB. Given the statutory language and adjudicatory powers set forth in the regulations, this court feels compelled to follow the reasoning of the Fifth Circuit. Accordingly, the court holds that the plaintiff-intervenors must pursue their claims of priority against the FSLIC in the administrative arena.

### III.

■ Plaintiff-intervenors also argue that the claims being pursued in this lawsuit are not assets of the receivership, making the statutory framework mentioned above inapplicable. The court does not agree. The FSLIC is pursuing claims against former officers and directors of the now insolvent States Savings. These claims stem directly from the alleged malfeasance and/or fraud of these officers and directors. They are claims of State Savings transferred to

---

**3.** Magistrate Boyce did not have the benefit of the Ninth Circuit's opinion when he issued his order.

**4.** A motion for rehearing *en banc* is currently pending before the Ninth Circuit.

**5.** 12 U.S.C. § 1729(d). Prior to the 1983 amendments to § 1729(d), the power of the FSLIC to settle, compromise and release claims was sub-

ject to the regulation "of the court or other public authority having jurisdiction over the matter." This change is also evidence of Congressional intent.

**6.** 12 U.S.C. § 1464(d)(6)(C).

**7.** *Chevron U.S.A. v. Natural Resources Defense Counsel*, 467 U.S. 837, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984).

FSLIC in its corporate capacity for collection. These claims are therefore assets of the receivership.

Accordingly,

IT IS HEREBY ORDERED that the July 22, 1986 and August 19, 1986 orders of Magistrate Boyce are affirmed.