ACQUISITION CORPORATION OF AMERICA, a Florida corporation, Sun-Island Realty, Inc., a Florida corporation, and Kenneth Hemmerle, individually, Plaintiffs,

v.

SUNRISE SAVINGS AND LOAN ASSOCIATION, a Federal Savings and Loan Association, as successor in interest to Sunrise Savings and Loan Association of Florida, a Florida corporation, and all those claiming by, through or under said Federal Savings and Loan Association, Defendants.

SUNCOAST DEVELOPERS OF SOUTH FLORIDA, INC., Plaintiff,

v.

FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Sunrise Savings and Loan Association, a Federal Savings and Loan Association, a/k/a Sunrise Savings and Loan Association, a Florida corporation, Defendants.

BLYTHE ENTERPRISES, INC., Plaintiff,

v.

GORHAM CONSTRUCTION COMPANY, et al., Defendants, Crossclaimants and Third Party Plaintiffs,

v.

Dean VEGOSEN, as Trustee for Monte Carlo Development and Management Corp., et al., Crossclaimants and Third Party Defendants.

FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Sunrise Savings and Loan Association, a Federal Savings and Loan Association, Plaintiffs,

v.

RODEO DEVELOPMENTS, INC., a Florida corporation, et al., Defendants.

Nos. 86–2144–CIV, 86–2325–CIV, 86–8577–CIV and 86–8601–CIV.

United States District Court, S.D. Florida.

April 24, 1987.

William K. Black, James T. Lantelme, Federal Home Loan Bank Bd., Washington, D.C., for defendants in Nos. 86–2144–CIV, 86–2325–CIV and 86–8577–CIV.

John C. Parks, Squire, Sanders & Dempsey, Cleveland, Ohio, Eben Crawford, Squire, Sanders & Dempsey, Miami, Fla., for FSLIC in Nos. 86–2144–CIV, 86–2325–CIV and 86–8577–CIV.

Kenneth V. Hemmerle, Robert F. Jordan, Ft. Lauderdale, Fla., for plaintiffs in Nos. 86–2144–CIV, 86–2325–CIV and 86–8577–CIV.

Alan G. Kipnis, Siegfried, Kipnis & Rivera, P.A., Coral Gables, Fla., for plaintiffs in Nos. 86–2325–CIV and 86–8577–CIV.

Daniel B. Harrell, Fort Pierce, Fla., for defendants, crossclaimants and third party plaintiffs in No. 86–8577–CIV.

Leonard Nanser, West Palm Beach, Fla., Richard D. Sneed, Jr., Sneed & Messer,

P.A., Fort Pierce, Fla., Manley P. Caldwell, Jr., Palm Beach, Fla., Leopold Estein, Fort Pierce, Fla., for crossclaimants and third party defendants in No. 86–8577–CIV.

Harold G. Melville, Ft. Pierce, Fla., for FSLIC in No. 86–8577–CIV.

Kenneth B. Crenshaw, Lake Worth, Fla., Steven G. Dell, West Palm Beach, Fla., Daniel J. Blackman, Hollywood, Fla., Val L. Osinski, Coral Springs, Fla., James B. Boone, Ft. Lauderdale, Fla., for defendants in No. 86–8601–CIV.

Gary A. Woodfield, Squire, Sanders & Dempsey, Palm Beach, Fla., for plaintiffs in No. 86–8601–CIV.

NESBITT, District Judge.

These causes are before the Court upon several pending motions of the parties arising from the issue of whether the Federal Savings and Loan Insurance Corporation (FSLIC) has exclusive jurisdiction to adjudicate claims against the assets of an insolvent thrift association placed in a FSLIC receivership. As a threshold determination to all pending motions the FSLIC contends that (1) this Court does not have subject matter jurisdiction to hear any claims against a failed financial institution in federal receivership, 12 U.S.C. §§ 1464(d)(6)(c), 1729(d) and (2) the parties asserting claims against an institution placed into receivership must first pursue their claims administratively and the District Court's jurisdiction is limited to judicial review under the Administrative Procedure Act, 5 U.S.C. §§ 701–06.

On July 18, 1985, the Federal Home Loan Bank Board (FHLBB) declared SUNRISE SAVINGS AND LOAN ASSOCIATION OF FLORIDA (OLD SUNRISE) to be insolvent and appointed the FSLIC as receiver. The FSLIC organized SUNRISE SAVINGS AND LOAN ASSOCIATION (NEW SUNRISE) and transferred to it most of the assets and liabilities of OLD SUNRISE. On September 12, 1986 the FHLBB declared NEW SUNRISE to be insolvent and appointed the FSLIC to be receiver for the purposes of liquidation.

In No. 86–2144, Plaintiffs entered into a loan agreement with OLD SUNRISE to finance a real estate project. In March of 1986, as a result of certain disputes between the parties, the newly organized NEW SUNRISE agreed to modify the loan agreement. As a result of conflicts with this modified loan agreement, Plaintiffs brought a state court suit against NEW SUNRISE based on fraud and deceit, Florida RICO, breach of contract and civil theft. The FSLIC removed this suit to Federal Court on October 10, 1986. On December 18, 1986, this Court dismissed this action for lack of subject matter jurisdiction. This Court further held that the Plaintiffs may present their claim to the receiver and appeal to the FHLBB and thereafter seek relief to a District Court under the Administrative Procedure Act. Plaintiffs subsequently filed a Motion for Rehearing of the Order dated December 18, 1986.

In No. 86–2325, SUNCOAST also entered into a loan agreement with OLD SUNRISE to finance the construction of a real estate project. In May of 1986, NEW SUNRISE extended the maturity date of the construction loan. On August 20, 1986, NEW SUNRISE advised SUNCOAST that it was in default and accelerated the loan. After efforts by SUNCOAST to obtain an estoppel letter to pay off the loan to NEW SUNRISE, it finally secured such a letter from the FSLIC on October 20, 1986. As a result of disputes arising out of this alleged default, SUNCOAST brought the above action in this Court against the FSLIC in its corporate capacity for its actions as receiver for NEW SUNRISE and OLD SUNRISE. The FSLIC subsequently filed a Motion to Dismiss for lack of subject matter jurisdiction.

In No. 86–8577, GORHAM commenced a third-party action against OLD SUNRISE on April 25, 1985 in state court. On January 27, 1986, LEOPOLD ESTEIN and MONTE CARLO MANAGEMENT AND DEVELOPMENT CORPORATION filed a cross claim and third party complaint against NEW SUNRISE in state court. On October 8, 1986, the FSLIC as receiver for OLD SUNRISE and NEW SUNRISE removed this action to this Court. GORHAM

had entered into a contract with MONTE CARLO DEVELOPMENT AND MANAGEMENT CORPORATION to provide labor, services and materials for various properties. GORHAM's action against OLD SUNRISE and MONTE CARLO DEVELOPMENT AND MANAGEMENT CORPORATION sought to foreclose a mechanic's lien. The cross claim and third party complaint filed by LEOPOLD ESTEIN and MONTE CARLO DEVELOPMENT AND MANAGEMENT CORPORATION was based on the claim that novation had occurred and that NEW SUNRISE was substituted as obligor under the contracts with GORHAM. GORHAM subsequently filed a Motion to Remand the case to state court and the FSLIC thereafter filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Finally, in No. 86–8601, Mortgage Development Corporation, a wholly-owned subsidiary of OLD SUNRISE, brought an action in state court to foreclose upon certain property in which Defendants had an interest. NEW SUNRISE continued this action against the various Defendants to recover of them upon the execution of their notes and guarantees. These Defendants have raised various affirmative defenses and counterclaims against NEW SUNRISE. On October 9, 1986, the FSLIC as receiver for OLD SUNRISE and NEW SUNRISE removed this action to this Court. Certain Defendants subsequently filed a Motion to Remand to state court and the FSLIC thereafter filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction.

12 U.S.C. § 1464(d)(6)(C) states that "no court may take any action [to] ... restrain or affect the powers or functions of a conservator or receiver." Numerous courts have uniformly construed this provision as well as 12 U.S.C. § 1729(d), which states that the FSLIC's broad powers are subject only to the regulation of the FHLBB, to require the dismissal for lack of subject matter jurisdiction of any claims asserted by any party against the closed association, the receiver or the receivership assets. *See e.g., North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985); *Sunrise Savings & Loan v.*

*LIR Development Co.,* 641 F.Supp. 744 (S.D.Fla.1986); *James P. McCarthy v. Federal Savings and Loan Insurance Corporation,* Case No. 86–8593–CIV–GONZALEZ (S.D.Fla. Jan. 18, 1986); *Lyons Savings & Loan Association v. Westside Bancorporation, Inc.,* 636 F.Supp. 576 (N.D.Ill. 1986).

Several of the parties have brought to the Court's attention the recent Ninth Circuit decision, *Morrison-Knudsen Co. v. CHG International, Inc.,* 811 F.2d 1209 (9th Cir., 1987) in support of their contention that this Court should retain jurisdiction over these matters. The Ninth Circuit held in *Morrison-Knudsen* that "the FSLIC has no power to adjudicate creditor affairs" and further concluded that

the FSLIC's assertion of adjudicatory power in its receivership capacity is unsupported by the statutory language and inconsistent with congressional intent.... When a claim is disputed and agreement cannot be reached, FSLIC is obliged to attend Court just as the institutions it represents would have to do.

This Court, however, adheres to the reasoning of the Fifth Circuit in *North Mississippi Savings & Loan Assoc'n v. Hudspeth,* which stated the following:

All of Hudspeth's claims are switched to the administrative track by § 1464(d)(6)(C). Hudspeth can challenge the FSLIC's actions before the FHLBB, and, if unsatisfied, can seek judicial review under the APA.... Because the statute prevents him from going forward in any court before seeking FHLBB review, though, the district court correctly dismissed his counterclaim.

Therefore, the Court, having reviewed the motions and memoranda of law and the relevant case law is persuaded by the holding of *Hudspeth* that the claims asserted in the above-styled causes fall within the provisions which grant broad powers to the FSLIC with respect to the receivership of a failed savings and loan association. Consequently, this Court is without subject matter jurisdiction to adjudicate the above claims. As this Court stated in its Order of

December 19, 1986 in *Acquisition Corporation,* Case No. 86–2144, "this Court has no power to affect the functions of the receiver as adjudicating these claims would do.... the receiver's broad powers are subject only to the regulation of the FHLBB ... and ACQUISITION may present their claim to the receiver and appeal to the FHLBB." Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motions to Dismiss for Lack of Subject Matter Jurisdiction filed by the FSLIC in the above-styled causes, be and the same are hereby GRANTED without prejudice. The Motions to Remand be and the same are therefore DENIED as moot. The Motion for Rehearing filed in Case No. 86–2144 be and the same is hereby DENIED.