**Linda Lee Longstreth PYLE, Plaintiff,**

**v.**

**Eugene L. LOUIS, Jr., Trustee, et al., Defendants,**

**Federal Savings and Loan Insurance Corporation, as Receiver for FirstSouth, F.A., Intervenor–Defendant.**

**No. LR–C–87–238.**

United States District Court, E.D. Arkansas, W.D.

July 23, 1987.

H.B. Stubblefield, Catlett, Stubblefield, Bonds & Fleming, Little Rock, Ark., for plaintiff.

Christopher O. Parker, Eichenbaum Law Firm, Little Rock, Ark., for Federal Sav. & Loan Ins. Corp.

Herbert W. Kell, Jr., Hoover, Jacobs & Storey, Little Rock, Ark., for Eugene L. Lewis, Jr.

Lyn Peeples Pruitt, Mitchell, Williams, Selig & Tucker, Little Rock, Ark., for First American Bank of L.R.

## ORDER

HENRY WOODS, District Judge.

■ The motions of the intervenor-defendant, Federal Savings and Loan Insurance Corporation (FSLIC), as receiver for FirstSouth, F.A., to dismiss the complaint of the plaintiff, Linda Lee Longstreth Pyle, the amended cross claim of the defendant, First American Bank of Little Rock, N.A., and the cross claim of the defendants, Max C. Mehlburger and Don Mehlburger, pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) are hereby granted. Under 12 U.S.C. § 1729(d) the FSLIC, as receiver has power to

> settle, compromise, or release claims *in favor of* or against the insured institutions ... subject only to the regulation of the Federal Home Loan Bank Board ... (emphasis added).

Moreover, under 12 U.S.C. § 1464(d)(6)(C) no court may restrain or affect the exercise of powers or functions of a conservator or receiver, except at the instance of the Federal Home Loan Bank Board.

■ The FSLIC intervened in this case claiming an interest in the subject property by virtue of a third lien in favor of its predecessor in interest, FirstSouth, F.A. Pursuant to the above cited statutes, and regulations promulgated by the Federal Home Loan Bank Board, the FSLIC is empowered to settle, compromise or release its claim against the subject property in an administrative proceeding. *See, e.g., North Mississippi Savings and Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir. 1985); *Chupik Corporation v. FSLIC,* 790 F.2d 1269 (5th Cir.1986); *First Financial Savings and Loan v. FSLIC,* 651 F.Supp. 1289 (E.D.Ark.1987) (adopting the reasoning of *Hudspeth, supra* ). Under the Administrative Procedures Act, 5 U.S.C. §§ 701–706, the federal courts may exercise jurisdiction only after the appropriate administrative remedies have been exhausted.

Accordingly, the court finds that it is without subject matter jurisdiction and that the complaint and amended cross claims should be, and are hereby dismissed.