Marcus E. RIVERS, Plaintiff,

v.

YANKEE BANK FOR FINANCE AND SAVINGS, FSB (Now the Federal Deposit Insurance Corporation, In Its Capacity as Receiver for Yankee Bank for Finance and Savings, FSB), Defendant.

Civ. A. No. 88-0004-C.

United States District Court, S.D. Alabama, S.D.

March 21, 1988.

John W. Parker, Mobile, Ala., for plaintiff.

E. Elliott Barker, Mobile, Ala., for defendant.

## MEMORANDUM OPINION

EMMETT RIPLEY COX, District Judge.

Defendant has filed a motion to dismiss (Doc. # 5), to which plaintiff has responded (Doc. # 7). Plaintiff's complaint, which was removed to this court by defendant, seeks rescission of a mortgage loan made to him by defendant Yankee Bank, on grounds of fraud. Plaintiff seeks to have payments already made under the loan returned to him, and also seeks compensatory and punitive damages. Since the time of the loan, defendant Yankee Bank has been placed in receivership, the defendant F.D.I.C. being the appointed receiver.

12 U.S.C. § 1464(d)(6)(C) prohibits a court from issuing any order which would restrain or affect the F.D.I.C.'s exercise of its powers in its capacity as receiver, which prohibition is a limitation on the court's subject matter jurisdiction. *Colony First Federal Savings and Loan Association v. F.S.L.I.C.*, 643 F.Supp. 410 (C.D.Cal. 1986). Determination of the legal issues underlying plaintiff's complaint would certainly "restrain or affect" the receiver's exercise of its powers in this case, and this court is therefore deprived of subject matter jurisdiction to decide the issues. Moreover, even if subject matter jurisdiction existed, plaintiff's complaint must be dismissed, because he has failed to allege exhaustion of administrative remedies. *Chupik Corp. v. F.S.L.I.C.*, 790 F.2d 1269 (5th Cir.1986). Accordingly, the court will, by separate document, enter judgment dismissing plaintiff's action for lack of subject matter jurisdiction.