**COIT INDEPENDENCE JOINT VENTURE, Plaintiff-Appellant,**

v.

**FIRSTSOUTH, F.A., Defendant-Appellee.**

No. 87–1218
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 1987.

Robert E. Goodfriend, Paul E. Galvin, Akin, Gump, Strauss, Hauer & Feld, Dallas, Tex., for plaintiff-appellant.

Albert C. Maule, Chicago, Ill., J.K. Ivey, Donnal S. Mixon, Irving, Tex., Peter F. Lovato, Antony S. Burt, Chicago, Ill., for defendant-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Coit Independence Joint Venture appeals the dismissal, for lack of subject matter jurisdiction, of a suit against a savings and loan association in federal receivership. We affirm.

## I. BACKGROUND

From 1983 to 1986, the Coit Independence Joint Venture received several loans and engaged in other dealings with First-South, a federal savings association. Coit and FirstSouth fell out, and Coit sued First-South in Texas court in October 1986, for usury, breach of fiduciary duty, and breach of the duty of good faith and fair dealing. In December 1986, the Federal Home Loan Bank Board (FHLBB) declared FirstSouth insolvent and appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as receiver. The FSLIC removed the case to federal court. In February 1987, the district court dismissed the suit for lack of subject matter jurisdiction. The district court held that, under federal banking statutes, suits by creditors against the FSLIC as receiver must be presented first to the FSLIC, then appealed to the FHLBB, and only then appealed to the federal courts under the Administrative Procedure Act. 5 U.S.C. §§ 551 *et seq.* Coit appeals this dismissal.

## II. DISCUSSION

■ Coit argues, first, that Congress did not intend the FSLIC to enjoy exclusive jurisdiction over creditors' state-law claims against savings associations under FSLIC receivership. Two courts have accepted Coit's statutory interpretation. *Glen Ridge Condominiums, Ltd. v. Federal Savings and Loan Insurance Corp.,* 734 S.W.2d 374 (Tex.App.—Dallas, 1986); *Morrison-Knudsen Co., Inc. v. CHG International, Inc.,* 811 F.2d 1209 (9th Cir. 1987). However, as Coit acknowledges, this Court has held that the statutes *do* give the FSLIC exclusive jurisdiction over suits brought by creditors against receiverships. *Northern Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986) (interpreting 12 U.S.C. §§ 1464(d)(6)(C) and 1729(d)). We have reaffirmed the *Hud-*

*speth* decision several times, and are clearly bound by it.[1] *Federal Savings and Loan Insurance Corp. v. Bonfanti,* 826 F.2d 1391 (5th Cir. 1987); *Godwin v. Federal Savings and Loan Insurance Corp.,* 806 F.2d 1290, 1292 (5th Cir.1987); *Chupik Corp. v. Federal Savings and Loan Insurance Corp.,* 790 F.2d 1269 (5th Cir.1986).

Coit points out that one of the statutory provisions relied on in *Hudspeth* has since been changed. The statute in *Hudspeth* read: "[T]he [FSLIC] shall have power ... to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to the regulation of *the Federal Home Loan Bank Board....*" 12 U.S.C. § 1729(d) (emphasis added), cited in *Hudspeth,* 756 F.2d at 1101. On October 13, 1986, the language changed to read: "... subject only to the regulation of *the court or other public authority having jurisdiction over the matter.*" *Id.* (emphasis added). However, this Court has subsequently reaffirmed the FSLIC's exclusive jurisdiction. *Bonfanti,* at 1393 . Moreover, the statute itself says:

> In connection with the liquidation of any such institution, the language "the court or other public authority having jurisdiction over the matter" in subsection (d) of this section shall mean said [Federal Home Loan Bank] Board.

12 U.S.C. § 1729(c)(3)(B).[2] Hence, the change in statutory language will not support overruling *Hudspeth.*

Coit argues that the statute, when interpreted to grant the FSLIC exclusive jurisdiction, violates the Constitution in several ways. First, Coit contends that its suit, as a common-law suit arising between private parties, must be heard by an article III court. Second, Coit claims that sending the dispute to an administrative body violates due process in that the FSLIC will act as

---

1. Coit, recognizing that *Hudspeth* controls and that one panel may not overrule another panel, has petitioned for initial en banc hearing of this case. No member of this Court has indicated support for this motion, and it has been denied.

2. This language was deleted in 1982 and reinstated effective October 13, 1986. 12 U.S.C.A. § 1729 (West 1987 Supp.).

both party and judge and in that any administrative determination will be reviewed under the lenient "substantial evidence" standard.[3] Third, Coit argues that administrative adjudication would deprive it of the right to trial by jury.

This Court has recently held that administrative review of FSLIC receivership actions affords due process. *Woods v. Federal Home Loan Bank Board*, 826 F.2d 1400, 1411 (5th Cir. 1987). Coit's other constitutional arguments have not been directly addressed by our cases. However, the arguments are not ripe for resolution at this time. The FSLIC may allow all or some of Coit's claims, depriving Coit of standing and a grievance. The Supreme Court has held that a party seeking to overturn legislation as unconstitutional must be "immediately harmed, or immediately threatened with harm" by the application of the statute. *Poe v. Ullman*, 367 U.S. 497, 505, 81 S.Ct. 1752, 1756, 6 L.Ed.2d 989 (1961). Coit does not meet this test.

In sum, Coit's statutory arguments are foreclosed by binding precedents of this Court. Coit's constitutional arguments, to the extent that they were not implicitly resolved by the precedents, are not yet ripe for resolution. Accordingly, the district court's dismissal is

AFFIRMED.

---

3. Interestingly, the FSLIC states in its brief, "FSLIC has no authority to issue binding orders or final judgments against Coit." Appellee's Brief at 41 n. 8. The effect of a FSLIC/FHLBB determination and the standard of review to which such determinations will be subject are apparently unsettled. *Compare Lyons Savings and Loan Ass'n v. Westside Bancorporation, Inc.*, 636 F.Supp. 576, 580 (N.D.Ill.1986) (quoting legislative history indicating that Congress assumed that the courts would review FSLIC decisions using the more stringent "weight of the evidence" standard) *with Morrison-Knudsen Co.*, 811 F.2d at 1222 (absent explicit congressional direction, appellants would be reduced to seeking reversal under the "arbitrary and capricious" standard).