**In re James Preston HOUSE, Sr., a/k/a Jimmy House, Debtor.**

**In re J. PRESTON'S, INC., Debtor.**

**CITY OF MOBILE, Plaintiff,**

v.

**J. PRESTON'S, INC., et al., Defendants.**

**Bankruptcy Nos. 87–01573, 87–00013.
Civ. A. No. 87–1174–BH–C.**

United States District Court,
S.D. Alabama, S.D.

Jan. 29, 1988.

William H. Brigham, Mobile, Ala., for plaintiff.

Theodore L. Hall, Mobile, Ala., Trustee for James P. House, Sr.

C. Michael Smith, Mobile, Ala., Trustee for J. Preston's, Inc.

Paul M. Foerster, Jr., Mobile, Ala., for James Preston House, Sr.

H. Young Dempsey, Spanish Fort, Ala., for Charles K. Breland, Jr. and Breland Investments.

Wade B. Perry, Jr., Mobile, Ala., for Com. Land Title Ins. Co.

Bradley B. Byrne, Jerome E. Speegle, Mobile, Ala., and Winthrop A. Short, Jr., Norfolk, Va., for Federal Sav. & Loan Ins. Co., as Receiver for Crescent Federal.

## ORDER

HAND, Chief Judge.

This cause is before the Court on a motion for judgment on the pleadings filed by defendant Federal Savings and Loan Insurance Corporation (FSLIC), as receiver for Crescent Federal Savings Bank (Crescent), and on the motions of FSLIC and the Breland defendants, Charles K. Breland, Jr. and Breland Investments, Inc., to set aside the default judgment entered in this action by the Circuit Court of Mobile County, Alabama. Upon careful consideration of these motions, together with the entire record in this action, the Court concludes that the motions are due to be granted.

This action was commenced on or about November 6, 1986, by the plaintiff, the City of Mobile, in the Circuit Court of Mobile County. The complaint filed by the plaintiff named eight identified defendants and an unknown number of unidentified defendants. The eight named defendants include James Preston House, Sr., Weldon Ernst, Mobile Properties One and Christine James (the Mobile Properties defendants); Charles K. Breland, Jr. and Breland Investments, Inc. (the Breland defendants); J. Preston's, Inc. (J. Preston's) and Crescent Federal Savings Bank (Crescent). The complaint alleges that all of the defendants were operating a restaurant on property located at 6700 Airport Boulevard, Mobile, Alabama, and that, consequently, all of the defendants are liable for the failure to pay certain gross receipts licenses due to the plaintiff based on the operation of the restaurant.

No responsive pleadings were filed in the state court on behalf of the Mobile Properties defendants. Consequently, the state court, upon plaintiff's application, entered a default judgment against the Mobile Properties defendants on February 12, 1987.[1] By its terms, the default judgment enters judgment, individually and severally, against each of the Mobile Properties defendants in the amount of $40,507.50 plus any additional amount that an audit for the months of February through September, 1986, may show is due and owing for gross receipts business licenses over that amount. In addition, the default judgment declares and enters a lien, as provided by Ala. Code § 11–51–96 (1975), on and against the property at 6700 Airport Boulevard.[2]

FSLIC/Receiver also has a lien on the property in question by virtue of a $500,000.00 mortgage in favor of Crescent. Crescent was a federally-chartered mutual savings bank, the accounts of which were insured by FSLIC in its capacity as a corporate instrumentality of the United States of America. Crescent was subject to the regulatory authority of the FSLIC and the Federal Home Loan Bank Board (FHLBB). On June 19, 1986, the FSLIC was appointed receiver for Crescent by the FHLBB and, on June 20, 1986, took possession of Crescent. As receiver, the FSLIC succeeded to all of the rights, title, powers and privileges of Crescent, subject to the applicable provisions of law and regulations and orders of the FHLBB. See e.g., 12 U.S.C.

1. Responsive pleadings were not filed in the state court on behalf of defendant J. Preston's. However, J. Preston's filed a petition in bankruptcy on January 6, 1987 and the plaintiff has never sought relief from the stay to obtain a default judgment against this defendant. After the entry of the default judgment, James Preston House, Sr. filed a petition in bankruptcy.

2. The property at issue is described as "Lot 1 A.P.B. Commercial Subdivision, Map Book 38, Page 56, in the City of Mobile, under the name J. Preston's, Inc., 6700 Airport Boulevard" in the order for writ of equitable attachment entered by the state court on November 6, 1986, the writ of attachment executed on November 7, 1986 and the Lis Pendens filed on November 7, 1987. See also, Exhibit A to the default judgment entered by the Circuit Court of Mobile County, Alabama on February 12, 1987, attached to this order as Appendix I.

§§ 1464(d) and 1729;[3] 12 C.F.R. Parts 547 and 549 (1986).

■ Under federal law, upon the appointment of FSLIC as receiver for Crescent, subject matter jurisdiction over all claims against Crescent and any other claim which would affect or restrain the functions of FSLIC as receiver for Crescent (FSLIC/Receiver) vested exclusively with FSLIC/Receiver and the FHLBB. Federal law establishes a comprehensive administrative claims procedure under which claimants against Crescent and its assets are directed to submit their claims to FSLIC/Receiver. FSLIC/Receiver is empowered to grant the claims in whole or in part, or deny such claims, subject in the first instance to review by the FHLBB. Judicial review of these administrative decisions is provided solely under the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Based upon the congressionally-mandated exclusivity of this procedure, it is apparent that this Court lacks subject matter jurisdiction to adjudicate plaintiff's claims to the extent that the plaintiff seeks a judgment against FSLIC/Receiver and to the extent that plaintiff seeks relief which would adversely affect FSLIC/Receiver's mortgage interest in the property at 6700 Airport Boulevard by establishing a prior lien. *See, North Mississippi Savings and Loan Ass'n v. Hudspeth,* 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986) (12 U.S.C. §§ 1464(d)(6)(C) and 1729(d) held to deprive courts of jurisdiction to adjudicate claims against a savings and loan association where the FSLIC has been appointed receiver); *Chupik Corp. v. FSLIC,* 790 F.2d 1269 (5th Cir.1986) (12 U.S.C. § 1464 held to deprive courts of jurisdiction to adjudicate claims which would interfere with the FSLIC's duties as receiver when liquidating a failed institution). It is also abundantly clear that, for the reasons stated above, the Circuit Court of Mobile County lacked jurisdiction to enter a default judgment to the extent such judgment declares and enters a lien on and against the property at 6700 Airport Boulevard.

It should be noted at this juncture that both FSLIC and the Breland defendants argue, apparently in the alternative, that the state court's default judgment should be set aside on the ground that the plaintiff failed to serve, in compliance with Rule 5(a) of the Alabama Rules of Civil Procedure, a copy of the application or motion for default judgment upon the non-defaulting defendants and that no notice of the hearing at which the default judgment was entered and no copy of the default judgment was provided to the non-defaulting defendants. The position of FSLIC and the Breland defendants on this point has not been contested by the plaintiff. The Court, however, need not rely on this ground to set aside in pertinent part the default judgment.[4] The state court's lack of jurisdiction over the property alone supports the setting aside of that portion of the default

---

**3.** Congress specifically provided that the FSLIC's performance as receiver was subject only to the regulation of the FHLBB and was not to be restrained by any court:

> *[N]o court may* take any action for or toward the removal of any conservator or receiver, or, except at the instance of the [Bank] Board, *restrain or affect the exercise of powers or functions of a conservator or receiver.*

12 U.S.C. § 1464(d)(6)(C) (emphasis added). Congress also provided that:

> In connection with the liquidation of insured institutions, the [FSLIC] shall have power to carry on the business of and to collect all obligations to the insured institutions, to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to the regula-

tion of the court or other public authority having jurisdiction over the matter.

12 U.S.C. § 1729(d). In *Hancock Financial Corp. v. FSLIC,* 492 F.2d 1325, 1327 (9th Cir. 1974), the Court ruled that "court or other public authority having jurisdiction over the matter" of "liquidation of insured institutions" means the authority that appointed FSLIC as receiver, said authority being the FHLBB pursuant to 12 U.S.C. § 1464(d)(6)(A).

**4.** Had this case not involved the exclusive jurisdiction of the FSLIC and FHLBB over the property at issue, the failure to comply with Rule 5(a) of the Alabama Rules of Civil Procedure and the consequent lack of notice to the non-defaulting defendants would constitute sufficient grounds to set aside that portion of the default judgment affecting the property. *See also,* Rule 54(b) of the Federal Rules of Civil Procedure.

judgment by which a lien against the property was declared and entered.[5]

It is, therefore, ORDERED that the motions filed by FSLIC and the Breland defendants to set aside the default judgment entered in this action on February 12, 1987 by the Circuit Court of Mobile County, Alabama, be and are hereby GRANTED, pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, to the extent the default judgment, attached as Appendix I, declares and enters a lien against "the property ... on which the business at 6700 Airport Boulevard is conducted"[6] and that, to the extent the default judgment declares and enters such a lien, it be and is hereby SET ASIDE and DECLARED NULL and VOID. It is FURTHER ORDERED that the order for writ of equitable attachment entered by the state court on November 6, 1986 and the writ of attachment so authorized be and are hereby VACATED, SET ASIDE and DECLARED NULL and VOID. It is FURTHER ORDERED that the plaintiff cause to be removed forthwith the Lis Pendens which was filed against the aforementioned property in that said Lis Pendens is hereby DECLARED NULL and VOID.

With respect to FSLIC's motion for judgment on the pleadings, it is ORDERED that the motion be and is hereby GRANTED and that, to the extent this action seeks a judgment against FSLIC/Receiver or seeks relief which would adversely affect FSLIC/Receiver's interest in the property located at 6700 Airport Boulevard on which FSLIC/Receiver has a mortgage, the action is DISMISSED, without prejudice, for lack of subject matter jurisdiction.

In light of the elimination of the federal-law claims, the only remaining claims before this Court are those by which the plaintiff seeks a judgment against the Breland defendants. Such claims are pendent state law claims. Upon careful consideration of these pendent state law claims, the Court finds that the interest of economy, convenience, fairness and comity will best be served by remanding the pendent claims against the Breland defendants to the state court. *Carnegie–Mellon University v. Cohill,* —— U.S. ——, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). Remand is particularly appropriate in this instance because the issues critical to the adjudication of these pendent claims involve an interpretation of such statutes as Ala.Code § 11–51–96 (1975) which heretofore have not been addressed by the Alabama courts. There can be little doubt that the Alabama courts should be given the opportunity to initially interpret the laws of Alabama. It is, therefore, ORDERED that this cause be and is hereby REMANDED to the Circuit Court of Mobile County, Alabama. The Clerk of this Court is directed to take such steps as are necessary to effectuate the transfer.

### APPENDIX I

In the Circuit Court of Mobile County, Alabama

CITY OF MOBILE, A Municipal Corporation, Plaintiff,

vs.

J. PRESTON'S, INC., et al., Defendants.

CIVIL ACTION NO.

CV–86–003159

DEFAULT JUDGMENT ENTERED BY COURT

This action came on the motion of the plaintiff for a default judgment pursuant

---

**5.** To the extent that the default judgment enters a money judgment against the defaulting Mobile Properties defendants, individually and severally, there exists no cause to set aside the judgment. Plaintiff is thus not prevented from proffering this judgment to the Bankruptcy Court with respect to J. Preston's and James Preston House, Sr. or to utilize the judgment to execute upon the assets of the remaining Mobile Properties defendants, except upon the interests, if any, they may have in the property at 6700 Airport Boulevard. Plaintiff simply cannot execute its judgment upon the property over which no court, including the Bankruptcy Court, now has jurisdiction. As left undisturbed, therefore, the default judgment does not grant relief of a nature that must be granted against each and every defendant to be effective.

**6.** See n. 2, *supra* and Appendix I.

to Rule 55(b)(2) of the Alabama Rules of Civil Procedure, and the defendants James Preston House, Sr., Weldon Ernst, Mobile Properties One, and Christine James as Agent for James Preston House, Sr., Weldon Ernst and Mobile Properties One, having been duly served with the summons and complaint and not being infants or unrepresented incompetent persons and having failed to plead or otherwise defend, and their default having been duly entered and the defendants having taken no proceedings since being duly served on November 7, 1986,

It is Ordered and Adjudged that the business conducted at 6700 Airport Boulevard is delinquent in payment of gross receipts business licenses for the months of February through September of 1986, in the admitted, although unaudited, amount of $32,406.00, plus penalties of $8,101.50 for a total of $40,507.50. Judgment is entered, individually and severally, against defendants James Preston House, Sr., Weldon Ernst, Mobile Properties One, and Christine James as Agent for James Preston House, Sr., Weldon Ernst and Mobile Properties One for the amount of $40,507.50, and for the additional amount that audit for the months of February through September, 1986 shows is owing over $40,-507.50. There is hereby declared and entered a lien, as provided by Code of Alabama § 11–51–96, on and against the property and all the right, title and interest of James Preston House, Sr., Weldon Ernst and Mobile Properties One in the property, on which the business at 6700 Airport Boulevard is conducted, i.e., Lot 1 A.P.B. Commercial Subdivision, Map Book 38, Page 56, as more fully described by Exhibit A attached hereto and made a part hereof. The lien hereby affixed may be enforced by Order of Condemnation and Sale, upon proper notice to all parties, and hearing thereon.

Done this 12th day of February, 1987.

(s) Douglas I. Johnstone
CIRCUIT JUDGE

EXHIBIT A

That part of Lot 1, A.P.B. Commercial Subdivision as per plat recorded in Map Book 34 Page 80 of the Probate Court Records of Mobile County, Alabama, described as follows: Commencing at the point of intersection of the West boundary of said Lot 1, A.P.B. Commercial Subdivision with the North right of way line of Airport Boulevard run N 00° 55′ 30″ W along the Western boundary of said A.P.B. Commercial Subdivision, a distance of 311.42 feet to a point that is 200 feet South of North boundary of said Lot 1, A.P.B. Commercial Subdivision; thence parallel with said North boundary run N 89° 48′ 17″ E 24.0 feet to the point of beginning of the property herein described; thence continuing N 89° 48′ 17″ E and parallel with said North boundary run 158.46 feet to a point that is 20 feet West of the East boundary of said Lot 1, A.P.B. Commercial Subdivision; thence parallel with said East boundary run S 00° 55′ 30″ E 409.35 feet to a point on the North right of way line of Airport Boulevard; thence along said North right of way line of Airport Boulevard, run N 62° 08′ W 180.80 feet to a point that is 27.39 feet from the Southwest corner of said Lot 1, A.P.B. Commercial Subdivision; thence parallel with said Western boundary run N 00° 55′ 30″ W 324.30 feet to the point of beginning. Containing 58,123 Square Feet. Subject to a Non–Exclusive Reciprocal Easement for ingress and egress and being described as follows: That part of Lot 1, A.P.B. Commercial Subdivision as per plat recorded in Map Book 34 Page 80 of the Probate Court Records of Mobile County, Alabama, described as follows: Commencing at the point of intersection of the West boundary of said Lot 1, A.P.B. Commercial Subdivision with the North right of way line of Airport Boulevard run S 62° 08′ E along said North line of Airport Boulevard, a distance of 27.38 feet to the point of beginning of the property herein described; thence continuing S 62° 08′ E along said North line of Airport Boulevard run 26.16 feet to a point; thence run N 07° 55′ 30″ W 188.15 feet to a point that is 24 feet East of the Western boundary of said Lot 1, A.P.B. Commercial Subdivision; thence parallel with said Western boundary run S 00° 55′ 30″ E 174.14 feet to the point of beginning.

24 FOOT NON–EXCLUSIVE RECIPRO-
CAL EASEMENT FOR INGRESS AND
EGRESS

That part of Lot 1, A.P.B. Commercial Sub-division as per plat recorded in Map Book 34 Page 80 of the Probate Court Records of Mobile County, Alabama, described as follows: Beginning at the point of intersection of the West boundary of said Lot 1, A.P.B. Commercial Subdivision with the North right of way line of Airport Boulevard run N 00° 55′ 30″ W along the Western boundary of said A.P.B. Commercial Subdivision, a distance of 311.42 feet to a point that is 200 feet South of North boundary of said Lot 1, A.P.B. Commercial Subdivision; thence parallel with said North boundary run N 89° 48′ 17″ E 24.0 feet; thence parallel with the said Western boundary of Lot 1, A.P.B. Commercial Subdivision run S 00° 55′ 30″ E 324.30 feet to a point on the aforementioned North right of way line of Airport Boulevard; thence along said North line of Airport Boulevard run N 62° 08′ W 27.39 feet to the point of beginning. Containing 7,628 Square Feet.