CARROLLTON–FARMERS BRANCH IN-
DEPENDENT SCHOOL DISTRICT,
and City of Farmers Branch, Plain-
tiffs–Appellants,

v.

JOHNSON & CRAVENS, 13911, INC.,
et al., Defendants,

Federal Savings & Loan Insurance
Corporation, Defendant–Appellee.

No. 87–1835.

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1988.

Earl Luna, Sydna H. Gordon, Dallas, Tex., for Carrollton Farmers Branch.

Kent S. Hofmeister, Christopher J. Caso, Hutchison, Price, Boyle & Brooks, Dallas, Tex., for City of Farmers Branch.

Robert B. Wellenberger, Robert O. Lamb, Dallas, Tex., for FSLIC.

Before WISDOM, RUBIN, and SMITH, Circuit Judges.

WISDOM, Circuit Judge:

In 1987 Carrollton–Farmers Branch Independent School District, joined by the City of Farmers Branch, Texas as intervenor, sued several parties in state court to recover delinquent ad valorem taxes owed on a piece of property located in Farmers Branch. The plaintiffs amended their petition to include as a defendant the Federal Savings and Loan Insurance Corporation (FSLIC) as receiver for First Savings and Loan Association of Burkburnett, Texas (Burkburnett), a state-chartered institution. Burkburnett, the accounts of which were insured by the FSLIC, held a purchase money security interest in the property. On February 5, 1985, the Federal Home Loan Bank of Dallas (FHLB–Dallas) took a security interest in the purchaser's note and in the deed of trust to secure advances made by the FHLB–Dallas to Burkburnett. On January 16, 1987, the Savings and Loan Commissioner of Texas closed Burkburnett. Also on that date both the state commissioner and the Federal Home Loan Bank Board (FHLBB) appointed the FSLIC as liquidation receiver for Burkburnett.

Without filing an answer in the state court property tax suit, the FSLIC filed a petition for removal of the case to the federal district court and a motion to dismiss the complaint for lack of subject matter jurisdiction. Carrollton–Farmers Branch filed a motion to remand the suit to the state court. Applying the principle established in *North Mississippi Savings and Loan Association v. Hudspeth*,[1] that creditors' claims against the FSLIC as receiver must be pursued administratively in the first instance, the district court dismissed the claims against the FSLIC and remanded the remainder of the case to state court. The plaintiffs appeal the dismissal and partial remand.

In *Hudspeth*, we held that under 12 U.S. C. §§ 1464(d)(6)(C) and 1729(d) the FSLIC has exclusive jurisdiction over claims brought by creditors against it as the receiver for a failed institution.[2] Our subse-

1. 756 F.2d 1096 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).

2. *Id.* at 1103.

quent decisions have uniformly reaffirmed the *Hudspeth* principle.[3] Although a few courts have disagreed with *Hudspeth,* most courts[4] have accepted our interpretation of the statutory and regulatory framework as authorizing the FSLIC to adjudicate claims subject to review by the Federal Home Loan Bank Board and judicial review as provided by the Administrative Procedure Act.[5] We, of course, are clearly bound by the precedents of this Court.[6]

Carrollton–Farmers Branch argues that *Hudspeth* and its progeny do not control this case for two reasons. First it contends that the FSLIC's removal of the case to district court was improper because of the restrictive proviso in 12 U.S.C. § 1730(k)(1). Section 1730(k)(1), the jurisdictional statute applicable to the FSLIC, provides in pertinent part:

> Notwithstanding any other provision of law, (A) the Corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28; (B) any civil action, suit, or proceeding to which the Corporation shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and (C) the Corporation may, without bond or security, remove any such action, suit, or pro-

ceeding from a State court to the United States district court ... by following any procedure for removal now or hereafter in effect: *Provided,* That any action, suit, or proceeding to which the Corporation is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.

In *Bean v. Independent American Savings Association,*[7] this Court acknowledged that the proviso in section 1730(k)(1) is an exception to the FSLIC's otherwise exclusive jurisdiction to resolve claims against the FSLIC as receiver for a failed savings and loan association. We pointed out, however, that despite this proviso, 12 U.S.C. § 1464(d)(6)(C) places an overriding limit on the power of a court to interfere with the FSLIC's administrative adjudication of creditors' claims.[8] Thus, whether we conclude that removal was proper under section 1730(k)(1) or that the proviso to that section operates to divest the district court of jurisdiction in this case we must then consider the requirement of section 1464(d)(6)(C).

**3.** *E.g., Bean v. Independent American Sav. Ass'n,* 838 F.2d 739 (5th Cir.1988); *Thomes v. Equitable Sav. & Loan Ass'n,* 837 F.2d 1317 (5th Cir.1988); *Coit Indep. Joint Venture v. First-South, F.A.,* 829 F.2d 563 (5th Cir.1987), *cert. granted,* — U.S. —, 108 S.Ct. 1105, 99 L.Ed.2d 267 (1988); *Federal Sav. & Loan Ins. Corp. v. Bonfanti,* 826 F.2d 1391 (5th Cir.1987), *petition for cert. filed,* 56 U.S.L.W. 3165 (U.S. Aug. 5, 1987) (No. 87–255).

**4.** *Morrison–Knudson Co., Inc. v. CHG Int'l, Inc.,* 811 F.2d 1209 (9th Cir.1987), *petition for cert. filed sub nom. Federal Sav. & Loan Ins. Corp. v. Stevenson Assocs.,* 56 U.S.L.W. 3249 (U.S. Sept. 17, 1987) (No. 87–451); *Federal Sav. & Loan Ins. Corp. v. Provo Excelsior Ltd.,* 664 F.Supp. 1405 (D.Utah 1987).

**5.** *See, e.g., Lyons Sav. & Loan Ass'n v. Westside Bancorporation, Inc.,* 828 F.2d 387 (7th Cir. 1987); *Peoples' Sav. & Loan v. First Federal Sav. & Loan,* 677 F.Supp. 1104 (D.Kan.1988); *York Bank & Trust Co. v. Federal Sav. & Loan Ins. Corp.,* 663 F.Supp. 1100 (M.D.Pa.1987); *Acquisi-*

*tion Corp. of Am. v. Sunrise Sav. & Loan Ass'n,* 659 F.Supp. 138 (S.D.Fla.1987).

**6.** The Supreme Court has scheduled oral argument for November 2, 1988 to consider the *Hudspeth* rule. *Coit Independence Joint Venture v. FirstSouth, F.A.,* 829 F.2d 563 (5th Cir.1987), *cert. granted,* — U.S. —, 108 S.Ct. 1105, 99 L.Ed.2d 267 (1988).

**7.** 838 F.2d 739 (5th Cir.1988).

**8.** Of the courts that have followed *Hudspeth* few have addressed the apparent conflict between sections 1730(k)(1) and 1464(d)(6)(C). Those that have, however, have harmonized these sections by construing § 1464(d)(6)(C) as a limitation on the jurisdiction granted to federal and state courts in § 1730(k)(1). *See, e.g., Modern Supply Co. v. Federal Sav. & Loan Ins. Corp.,* 50 Wash.App. 194, 748 P.2d 251, 256–57 (1987); *First Financial Sav. & Loan of El Dorado v. Federal Sav. & Loan Ins. Corp.,* 651 F.Supp. 1289 (E.D.Ark.1987).

The two conditions set forth in section 1730(k)(1) that must be met to preclude the district court's original jurisdiction are: (1) only the rights or obligations of investors, creditors, stockholders, and a state-chartered institution are at issue in the suit; and (2) the rights and obligations involved are to be determined only by state law.[9] Carrollton–Farmers Branch contends that both requirements of the proviso are satisfied here and the district court therefore lacked jurisdiction and should have remanded the entire case, including the claims against the FSLIC, to state court. Because we conclude that federal law is of primary importance in determining the parties' rights and obligations and that the proviso is therefore inapplicable in this case, we do not address the parties' other arguments regarding the proper interpretation of other aspects of section 1730(k)(1).[10]

There is a paucity of case law interpreting the proviso's requirement that the suit involve "only the rights or obligations of investors, creditors, stockholders and such institution *under state law*". In *Hudspeth* we determined that the applicability of the proviso is limited to cases *involving*

only state law. Nevertheless, Carrollton–Farmers Branch asks us to adopt the reasoning of the Court of Appeals for the Seventh Circuit in its recent decision in *Federal Savings and Loan Insurance Corp. v. Ticktin.*[11] In *Ticktin* the Court ruled that the proviso is applicable in all cases in which resolution of the suit depends on state law and the federal law issues are merely "subsidiary questions".[12] Whether ad valorem taxes, penalties, and interest are owed by the FSLIC as receiver for Burkburnett to Carrollton–Farmers Branch is, according to the plaintiffs, the real issue in this case. Although we agree that this one question is resolved by reference to state law, we conclude that questions of federal law are of primary importance in this action. Thus, even applying *Ticktin*'s broad construction of the "under state law" requirement[13] we find that federal law governs the resolution of the claims in this case.

■ Carrollton–Farmers Branch seeks in its complaint to be recognized as the first and superior lien holder. The complaint requests that the property be seized and sold by the sheriff and the proceeds, in the

**9.** 12 U.S.C. § 1730(k)(1) (1982); *North Mississippi Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1100 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).

**10.** For example, in its brief the FSLIC contended that the proviso applies only when the FSLIC is appointed as the receiver for a state-chartered institution *solely by state banking authorities.* The FSLIC maintains that in 1966, when § 1730(k)(1) was enacted as part of the Financial Institutions Supervisory Act of 1966, the FSLIC could become a receiver of a state-chartered institution only if appointed by state authorities. In other areas Congress gave the federal courts jurisdiction over matters involving the FSLIC. In 1968, however, through the enactment of the Bank Protection Act of 1968, Congress granted the FHLBB the authority to appoint the FSLIC receiver for state-chartered associations if several conditions are met. The Court of Appeals for the Ninth Circuit recently concluded that the FHLBB's appointment of the FSLIC as receiver "federalizes" a previously state authorized receivership. The Court held that the proviso is inapplicable to such federalized receiverships because under 12 U.S.C. § 1729(c)(3) and (d) federal law governs the FSLIC's actions; thus rights and obligations are determined pursuant to federal rather than state

law. *Fidelity Financial Corp. v. Federal Sav. & Loan Ins. Corp.,* 834 F.2d 741 (9th Cir.1987). We recognize, however, that Congress did not amend the proviso in 1968 to exclude federalized receiverships from its coverage, but we intimate no view on whether all federalized receiverships fall outside the proviso. *But see Federal Sav. & Loan Ins. Corp. v. Ticktin,* 832 F.2d 1438, 1446 (7th Cir.1987) (rejecting the argument that the proviso is inapplicable whenever the FSLIC acts as a federally-appointed receiver), *cert. granted,* —— U.S. ——, 109 S.Ct. 52, 101 L.Ed.2d —— (1988).

**11.** 832 F.2d 1438 (7th Cir.1987), *cert. granted,* —— U.S. ——, 109 S.Ct. 52, 102 L.Ed.2d 30 (1988).

**12.** *See id.* at 1446.

**13.** We note, however, that other courts have found the proviso inapplicable when federal law must be interpreted in order to resolve the case. *See, e.g., Fidelity Financial Corp. v. Federal Sav. & Loan Ins. Corp.,* 834 F.2d 741 (9th Cir.1987); *Federal Sav. & Loan Ins. Corp. v. Sajovich,* 642 F.Supp. 74 (C.D.Cal.1986) (breach of fiduciary duties through violations of federal banking law required interpretation of federally prescribed obligations making the proviso inapplicable).

amount of the tax, penalties, and interest, be paid to the plaintiffs. In these circumstances it will be necessary to determine the priority of the competing liens of Carrollton–Farmers Branch and FSLIC-corporate.[14] Decisions must be made concerning what assets will be liquidated, the methods and timing of liquidation, and the amount and timing of payments. All of these questions are answered by reference to federal law. The FSLIC is authorized statutorily to "settle, compromise, or release claims". 12 U.S.C. § 1729(d). Federal regulations published by the FHLBB address more fully the powers of the FSLIC as receiver with regard to creditors' claims. The regulations grant the FSLIC the power to "[p]ay off and discharge any liens, claims, or charges of any nature against [the institution's] property". 12 C.F.R. §§ 548.-2(e)(2); 549.3(a). The FSLIC, as receiver, is vested with the specific power to pay off and discharge taxes and liens. 12 C.F.R. § 569a.6(b)(2) and (4).[15] The receiver is directed to allow "any claim reasonably received and proved to its satisfaction" and to "wholly or partly disallow any creditor claim or claim of security, preference or priority not so proved ...". 12 C.F.R. § 549.4(b). The FSLIC is directed by statute to liquidate the failed institution in an orderly manner and to make dispositions it deems to be inthe best interest of the institution.[16] The timing and amount of payments is left to the discretion of the FSLIC and the FHLBB.[17] When the funds avail-

able are insufficient to pay any class of claims in full the regulations mandate pro rata distributions. 12 C.F.R. § 569.7(e). In short, there is a comprehensive federal scheme in place governing the resolution and payment of the plaintiffs' ad valorem tax claims at issue here. We conclude that the proviso in section 1730(k)(1) is inapplicable in this case.

■ Carrollton–Farmers Branch presents a second independent argument as to why the district court should have remanded the entire case to the state court. It contends that the Tax Injunction Act, 28 U.S.C. § 1341, has been violated because the removal of this suit to federal district court suspends or restrains the collection of taxes under state law.[18] Because the FSLIC is statutorily subjected to state property taxes in 12 U.S.C. § 1725(e), the plaintiffs maintain that by operation of the Tax Injunction Act the FSLIC is subject to the exclusive jurisdiction of the state courts whenever an action to collect taxes is brought so long as a "plain, speedy and efficient remedy" is available. We are unpersuaded by this argument.

■ First, we note that other jurisdictional statutes may make exceptions to section 1341's extensive prohibition of federal jurisdiction over state tax matters. For example, section 1341 has been held not to divest bankruptcy courts of their specifically granted power to adjudicate state tax

---

**14.** After the FSLIC as receiver for Burkburnett foreclosed on the Deed of Trust it granted FSLIC–Corporate a lien on the Property to secure advances made previously by FSLIC–Corporate.

**15.** Carrollton–Farmers Branch relies in part on 12 U.S.C. § 1725(c) which does subject the FSLIC to state and local property taxes. This provision, however, does not contain a clause granting state courts jurisdiction over such matters. We find that this subsection in no way alters the jurisdictional framework established in §§ 1464(d)(6)(C), 1729(d), and 1730(k)(1) for the determination of creditors' claims.

**16.** 12 U.S.C. § 1729(c)(3)(B). The Senate Report on to this subsection states that under the 1968 amendment "[t]he authority of the FSLIC in this regard would be subject only to the regulation of the Federal Home Loan Bank

Board and not to that of any state authority *administrative or judicial*, which may previously have had regulatory authority with respect to the institution". S.Rep. No. 1263, 90th Cong., 2d Sess. 2, *reprinted in* 1968 U.S.Code Cong. & Admin.News 2530, 2539 (Emphasis added).

**17.** 12 C.F.R. § 549.4(d) provides:
Creditor claims which were allowed by the receiver or approved by the Board shall be paid by the receiver, *from time to time, to the extent funds are available in such manner and amounts as the Board may direct.*
(Emphasis added).

**18.** 28 U.S.C. § 1341 provides:
The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

assessments. *California State Board of Education v. Goggin.*[19] In *Goggin,* the Court recognized that "the process of dealing with state tax assessments is one essential to the administration of a bankruptcy estate ...".[20] Similarly, under subsection 1729(d) the FSLIC, subject to the FHLBB's review and regulation, has the power, as liquidation receiver, to resolve and pay *all* claims against the institution.[21] Allowing local taxing authorities to pursue their claims in state court while requiring other creditors to utilize the administrative process would be permitting an "end run around the receiver's broad realm of authority".[22] Moreover, section 1730(k)(1), the FSLIC's comprehensive jurisdictional provision, permits the FSLIC to remove cases to federal court "notwithstanding any other provision of law" when, as here, its proviso is inapplicable. Enacted as part of the Financial Institutions Supervisory Act of 1966, section 1730(k)(1) was passed by Congress nearly 30 years after the Tax Injunction Act. We conclude that the removal provision operates as an exception to 28 U.S.C. § 1341 in all cases falling outside the proviso to 12 U.S.C. § 1730(k)(1). We hold therefore that the FSLIC's removal of this case to district court was proper.

■ Finally we must decide whether the district court erred in dismissing Carrollton–Farmers Branch's claims against the FSLIC. In a recent case we concluded that even in cases in which removal is proper under section 1730(k)(1), 12 U.S.C. § 1464(d)(6)(C) "limits the power of a court to interfere with the FSLIC's administrative determination of claims against a failed institution". *Bean v. Independent American Savings Ass'n.*[23] We have held consistently that "resolution of even the facial merits of claims outside the statutory reorganization process is a 'restraint' within the scope of section 1464...". *Federal Savings Loan Insurance Corp. v. Bonfanti.*[24] 12 U.S.C. § 1729(c)(3) & (d) firmly support our holding in *Hudspeth* and its progeny that claims against FSLIC as receiver are "switched to the administrative track" subject to review in the first instance by the FHLBB.[25] At the time this suit was filed subsection 1729(d) provided:

> In connection with the liquidation of insured institutions in default, the Corporation shall have power ... to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, *subject only to the regulation of the court or other authority having jurisdiction over the matter.*

12 U.S.C. § 1729(d) (emphasis added).[26] Subsections 1729(c)(2) and (3) make it clear

---

**19.** 191 F.2d 726, 728 (9th Cir.1951), *cert. denied,* 342 U.S. 909, 72 S.Ct. 302, 96 L.Ed. 680 (1952). *See also In re Continental Credit Corp.,* 1 B.R. 680, 686 (N.D.Ill.1979).

**20.** *Goggin,* 191 F.2d at 728.

**21.** Administrative review by the Board of the FSLIC's disallowance of a claim is expressly provided for in 12 C.F.R. § 549.4(b).

**22.** *See Federal Sav. & Loan Ins. Corp. v. Bonfanti,* 826 F.2d 1391, 1394 (5th Cir.1987), *petition for cert. filed,* 56 U.S.L.W. 3165 (U.S. Aug. 5, 1987) (No. 87–255).

**23.** 838 F.2d 739, 742 (5th Cir.1988).

**24.** 826 F.2d 1391, 1393 (5th Cir.1987) (quoting *Chupik Corp. v. Federal Sav. & Loan Ins. Corp.,* 790 F.2d 1269, 1270 (5th Cir.1986)), *petition for cert. filed,* (No. 87–255). *See also North Mississippi Sav. & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1102 (5th Cir.1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).

**25.** *See Coit Indep. Joint Venture v. FirstSouth, F.A.,* 829 F.2d 563, 564 (5th Cir.1987), *cert. granted,* —— U.S. ——, 108 S.Ct. 1105, 99 L.Ed.2d 267 (1988).

**26.** As amended effective August 10, 1987, § 1729(d) now provides:

> In connection with the liquidation of insured institutions, the Corporation shall have power ... to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, *subject only to the regulation of the Federal Home Loan Bank Board,* or, in cases where the Corporation has been appointed conservator, receiver, or legal custodian solely by a public authority having jurisdiction over the matter other than said Board subject only to the regulation of such public authority.

12 U.S.C.A. § 1729(d) (West Supp.1988).

As worded now, section 1729(d) makes it clear that once the FHLBB appoints the FSLIC as receiver for a failed institution only the FHLBB

that where, as here, the FHLBB appoints the FSLIC as receiver for a state-chartered savings and loan association that has been closed by state authorities, the body referred to in section 1729(d) as having jurisdiction to regulate the FSLIC's actions is the FHLBB.[27] We conclude therefore that Carrollton–Farmers Branch must comply with the administrative process before seeking judicial review of the resolution of its claims. For all of the foregoing reasons we affirm the district court's dismissal of the claims against the FSLIC and its order remanding the remainder of the case to state court.

AFFIRMED.

has jurisdiction to regulate the FSLIC's resolution of creditor's claims.

**27.** With regard to failed institutions closed under state law, subsection 1729(c)(3) provided, before the August 10, 1987 amendment, "the language 'the court or other public authority having jurisdiction over the matter' in subsection (d) of this section shall mean [the FHLBB]". 12 U.S.C. § 1729(c)(3).