CROSSROADS JOINT VENTURE, et al., Plaintiffs,

v.

SKYLINE SAVINGS ASSOCIATION, Defendant,

v.

AMERICAN FEDERAL BANK, F.S.B., Intervenor.

Civ. A. No. CA 3–88–2316–G.

United States District Court, N.D. Texas, Dallas Division.

Dec. 21, 1988.

---

B. Prater Monning, III, Carol Wolfram, Gardere & Wynne, Dallas, Tex., for plaintiffs.

Brooks Buchanan, S. Cass Weiland, Jackson & Walker, Dallas, Tex., for defendant.

Robert O. Lamb, Robert Wellenberger, Don W. Joe, Thompson, Coe, Cousins & Irons, Dallas, Tex. (Dorothy Nichols, Steve Kessler, Office of the General Counsel, Federal Home Loan Bank Bd., Washington, D.C., of counsel), for FSLIC.

Allen W. Kimbrough, David J. Milan, Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for intervenor.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the motion of intervenor Federal Savings and Loan Insurance Corporation ("FSLIC") to dismiss the plaintiffs' claims for lack of subject matter jurisdiction. The plaintiffs have moved to remand the case. For the reasons stated below, the motion to dismiss is granted, while the motion to remand is granted in part and denied in part.

Plaintiffs filed this action in state court against Skyline Savings Association ("Skyline") seeking a declaration that their obligations to Skyline under a promissory note had been extinguished. FSLIC was subsequently appointed receiver of Skyline by the Federal Home Loan Bank Board ("FHLBB"), thereby assuming all of Skyline's outstanding liabilities. FSLIC intervened in the state court proceeding and removed the action to this court, pursuant to 12 U.S.C. § 1730(k)(1). FSLIC now seeks to dismiss the plaintiffs' claims.

### I. *Motion to Dismiss*

The federal courts lack subject matter jurisdiction to determine actions against FSLIC as receiver to establish the validity of claims against the receivership estate or to overturn the way in which FSLIC allocated assets and liabilities. *North Mississippi Savings & Loan Association v. Hudspeth*, 756 F.2d 1096, 1101–03 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); *Coit Independence Joint Venture v. First-South, F.A.*, 829 F.2d 563, 564 (5th Cir. 1987), *cert. granted,* — U.S. —, 108

S.Ct. 1105, 99 L.Ed.2d 267 (1988).[1] The plaintiffs' claims against Skyline were not assigned to intervenor American Federal Bank, F.S.B. ("American"). They are not secured liabilities, but at best, general unsecured claims. Therefore, they were not transferred to American under § 3 of the Acquisition Agreement, and remain with the receivership estate.

## II. *Motion to Remand*

Plaintiffs have argued that this case was not properly removed because section 1730(k)(1) contains a proviso limiting the removal of cases:

> *Provided,* That any action, suit, or proceeding to which [FSLIC] is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States (emphasis in original).

This proviso is an exception to FSLIC's otherwise exclusive jurisdiction to resolve claims brought against FSLIC as receiver for a failed savings and loan association. *Carrollton–Farmers Branch Independent School District v. Johnson & Cravens*, 858 F.2d 1010, 1012 (5th Cir.1988).

■ The proviso does not apply here for two reasons. First, the receivership of the state-chartered institution was "federalized." *See Hudspeth*, above, 756 F.2d at 1101 n. 2. Once the FHLBB appoints FSLIC as receiver of a state-chartered institution such as Skyline, federal law governs what FSLIC does. Consequently, this action does not involve only rights and obligations arising under state law and the proviso is inapplicable. *Federal Savings & Loan Insurance Corporation v. T.G. Partners II, Ltd.,* 682 F.Supp. 894, 897 (N.D.Tex.1988); *3.827 Acre Partnership v. Williford,* No. 87–2951, slip op. at 3–4 (N.D.Tex. Feb. 15, 1988) [1988 WL 79502]; *Fidelity Financial Corporation v. Feder-*

*al Savings & Loan Insurance Corporation,* 834 F.2d 741, 745 (9th Cir.1987). Second, plaintiffs' claims necessarily involve federal law. FSLIC is directed by statute to liquidate the failed institution and to make the dispositions which it deems to be in the institution's best interest. The timing and amount of payment is left to FSLIC, with FHLBB review. *Carrollton–Farmers Branch,* 858 F.2d at 1014. In short, there is a comprehensive federal scheme which governs the resolution and payment of claims such as the plaintiffs'. *Id.* Consequently, plaintiffs' claims depend on federal law for their resolution, and the proviso is inapplicable. *Id.*

■ The plaintiffs have also argued that this court lost subject matter jurisdiction at the moment FSLIC was appointed receiver, and therefore, could not remove the case. However, § 1730(k)(1) clearly allows FSLIC to remove cases filed in state court to which FSLIC is a party, subject only to the proviso discussed above. *Vernon Savings & Loan Association v. Commerce Savings & Loan Association,* 677 F.Supp. 495, 497 (N.D.Tex.1988). Moreover, as this removal is pursuant to § 1730(k)(1), FSLIC is not subject to the restrictions imposed by 28 U.S.C. § 1441 governing removal generally. Thus, FSLIC is not barred from removing a case, like this one, over which the state court had no jurisdiction. Moreover, the Fifth Circuit has consistently held that district courts have jurisdiction under § 1730(k)(1) over cases removed from state court and that the district courts have the power to dismiss such actions for lack of subject matter jurisdiction. *Hudspeth,* 756 F.2d at 1102; *Coit Independence,* 829 F.2d at 564. Consequently, the motion to remand for purposes of adjudicating plaintiffs' claims against Skyline should be denied.

## III. *Remand of Pendent Claims*

However, in light of the dismissal of the federal claims, the only claims remaining in this action are American's pendent state

---

1. As an alternative ground, this action may be dismissed under the doctrine of primary jurisdiction. *Henry v. Independent American Sav-*

*ings Association,* 857 F.2d 995, 1002–03 (5th Cir. 1988) (Higginbotham, J., concurring).

law claims against plaintiffs. Upon careful consideration of them, the court finds that the interests of economy, convenience, fairness and comity will be served best by remanding these claims to the state court. *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, ——, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720 (1988); *In re House,* 683 F.Supp. 246, 249 (S.D.Ala.1988). *See also Henry v. Independent American Savings Association,* 857 F.2d 995, 998 & n. 16 (1988).

### Conclusion

FSLIC's motion to dismiss the plaintiffs' claims against Skyline for lack of subject matter jurisdiction is GRANTED. The plaintiffs' motion to remand their claims against Skyline is DENIED. American's claims against the plaintiffs are REMANDED to the 162nd Judicial District Court of Dallas County, Texas.

SO ORDERED.