**BELGIAN AMERICAN INVESTMENTS & TRADE, INC., et al., Plaintiffs,**

v.

**FEDERAL SAVINGS AND LOAN INSURANCE CORPORATION, as Receiver for Banc Home Savings Association f/k/a Home Savings Association, et al., Defendant.**

Civ.A. No. CA 3–88–2731–G.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 16, 1989.

Donald C. Templin, W. Alan Wright, Haynes & Boone, Robert W. Biederman, Fugit, Hubbard, Woolley, Bloom & Mersky, Dallas, Tex., for plaintiffs.

Joseph P. Horlen, West, Adams, Webb & Associates, Bryan, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

 This case is before the court on plaintiffs' motion for new trial in light of *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corporation*, — U.S. —, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989).[1] Because *Coit* largely

---

**1.** Plaintiffs filed this action in state court against two defendants, one of which was Banc Home Savings Association ("BHSA"). BHSA was a federally insured, state-chartered savings association. The petition alleged usury claims under state law and sought a declaratory judgment that the loan at issue was void. After the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed receiver of BHSA by the Federal Home Loan Bank Board, it intervened and removed the case to this court. On March 10, 1989, the court dismissed the claims against FSLIC under the doctrine stated in *North Mississippi Savings and Loan Association v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986) and remanded the remaining claims to state court on the authority of *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, —, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720 (1988) and *Henry v. Independent American Savings Association*, 857 F.2d 995, 998 & n. 16 (5th Cir.1988). On March 24, 1989, plaintiffs moved for a new trial regarding the dismissal of their claims against FSLIC.

overturned the *Hudspeth* doctrine, *id.* at 1366–76, the motion for a new trial is granted to the extent of vacating the dismissal of plaintiffs' claims against the Federal Savings and Loan Insurance Corporation ("FSLIC").[2] In light of recent Supreme Court pronouncements, however, the court is of the opinion that this case should be remanded to state court.[3]

When FSLIC is a party to an action in its capacity as conservator, receiver, or other legal custodian, the federal courts have original jurisdiction only if the proviso in 12 U.S.C. § 1730(k)(1) does not apply. *Coit,* 109 S.Ct. at 1371; *Federal Savings and Loan Insurance Corporation v. Ticktin,* — U.S. —, —, 109 S.Ct. 1626, 1628, 104 L.Ed.2d 73 (1989); *Carrollton–Farmers Branch Independent School District v. Johnson & Cravens,* 867 F.2d 1517 (5th Cir.1989), *modifying,* 858 F.2d 1010 (5th Cir.1988).[4] The proviso does not apply, for example, when FSLIC commences suit in federal court because § 1730(k)(1)(A) confers agency jurisdiction that is unaffected by the proviso. *Ticktin,* 109 S.Ct. at 1628–29; *Federal Savings and Loan Insurance*

*Corporation v. T.G. Partners II, Ltd.,* 682 F.Supp. 894, 897 (N.D.Tex.1988).[5]

Clauses (B) and (C) of section 1730(k)(1) expand the possible jurisdictional universe of FSLIC litigation beyond cases commenced in this court by FSLIC as plaintiff.[6] Clause (B) reaches cases commenced by parties other than FSLIC. Clause (C) allows FSLIC to remove them to federal court. *Ticktin,* 109 S.Ct. at 1628. *Ticktin* held, however, that the proviso also defines the limits of the universe created by Clauses (B) and (C):

> There is no doubt that the proviso imposes a limit on this broad grant of federal jurisdiction.... [T]hese jurisdictional grants [§ 1730(k)(1)(B) and (C) ] are predicated on the congressional finding that actions to which the FSLIC is a party "shall be deemed to arise under the laws of the United States." The proviso qualifies this finding by describing a subcategory of cases to which the FSLIC is a party that "shall *not* be deemed to arise under the laws of the United States."

*Id.* (emphasis in original).

The undersigned had previously held that the proviso did not apply to removed ac-

---

**2.** Because plaintiffs' claims against the other defendant were remanded to state court at the same time as their claims against FSLIC were dismissed, the only parties to the present case, after plaintiffs' motion is granted, are the plaintiffs and FSLIC as receiver. The court has no power to affect plaintiffs' previously remanded claims against the other defendant. *See New Orleans Public Service, Inc. v. Majoue,* 802 F.2d 166, 167 (5th Cir.1986) (district court lacks jurisdiction to reconsider order of remand). Consequently, this opinion does not address the situation in which so-called "non-proviso parties" are present, or the definition of "non-proviso parties".

As a matter of background, FSLIC removed this action only in its capacity as receiver for a state-chartered institution. No right of removal in any other capacity, or by any other party, is asserted.

**3.** *See Smith v. City of Picayune,* 795 F.2d 482, 484 & n. 2 (5th Cir.1986) (courts should examine propriety of removal, on its own motion if necessary); *Save the Bay, Inc. v. United States Army,* 639 F.2d 1100, 1102 (5th Cir.1981) (duty to constantly examine jurisdiction).

**4.** The proviso states:

*Provided,* That any action, suit, or proceeding to which [FSLIC] is a party in its capacity as conservator, receiver, or other legal custodian of an insured State-chartered institution and which involves only the rights or obligations of investors, creditors, stockholders, and such institution under State law shall not be deemed to arise under the laws of the United States.

**5.** *T.G. Partners II* correctly anticipated the Supreme Court's reasoning in *Ticktin* that under § 1730(k)(1)(A), FSLIC is an agency of the United States, and thus, under 28 U.S.C. § 1345, federal courts have subject matter jurisdiction over suits brought by FSLIC in those courts. As a result, the proviso is not an express exception to the § 1345 grant of jurisdiction.

**6.** These clauses provide in pertinent part:

(k)(1) Notwithstanding any other provision of law,

\* \* \* \* \* \*

(B) any civil action, suit, or proceeding to which [FSLIC] shall be a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy; and

(C) [FSLIC] may, without bond or security, remove any such action, suit, or proceeding from a State court to the United States district court....

tions such as this. *See Crossroads Joint Venture v. Skyline Savings Association,* 704 F.Supp. 746, 748 (N.D.Tex.1988).[7] *Coit,* however, rejected this view:

> The proviso clause sets out the type of suits Congress expected FSLIC to defend against in *state* courts, including suits by creditors against FSLIC as receiver for state-chartered savings and loan associations.

109 S.Ct. at 1371 (emphasis added). Moreover, not only did the Supreme Court reject the result reached in *Crossroads,* but it also went on to reject that opinion's theoretical premises: preemption and the absence of jurisdiction.[8]

*Crossroads* resulted from the undersigned's reading of *Carrollton–Farmers Branch Independent School District v. Johnson & Cravens,* 858 F.2d 1010, 1013–14 (5th Cir.1988), *modified,* 867 F.2d 1517 (5th Cir.1989), as well as other appellate authority then extant. *Crossroads* held that once the Bank Board appointed FSLIC as receiver, federal law governed what FSLIC did: i.e., because the receivership was "federalized," the proviso was by its terms inapplicable. *Coit,* however, rejected this view, holding that the enabling legislation of FSLIC and the Bank Board, particularly 12 U.S.C. § 1729, does not preempt state law. Rather, state law continues to control the action. 109 S.Ct. at 1375.[9]

*Crossroads* also held that, under *Carrollton–Farmers Branch,* the proviso did not apply under what has been called the adjudication-exhaustion theory. *See Carrollton–Farmers Branch,* 858 F.2d at 1014–16 (discussing the theory). Under the *Hudspeth* rule, FSLIC had primary jurisdiction over claims against it, subject to review by the FHLBB. *See Henry v. Independent American Savings Association,* 857 F.2d 995, 1003–04 (5th Cir.1988) (Higginbotham, C.J., specially concurring). The FHLBB's decision, in turn, could be reviewed in federal court under the Administrative Procedure Act. *Carrollton–Farmers Branch,* 858 F.2d at 1015–16. Thus, the undersigned concluded in *Crossroads,* 704 F.Supp. at 748, that there was a "comprehensive federal scheme" in place to govern the resolution and payment of creditor's claims (citing *Carrollton–Farmers Branch,* 858 F.2d at 1014). After *Coit,* this is no longer so. FSLIC does not adjudicate claims. Rather, actions between creditors and FSLIC as receiver may be brought in state court, without exhaustion of administrative remedies.

Of course, should a federal claim be brought in a case which would otherwise fall within the proviso, then this court would have jurisdiction over the claim,[10] and discretionary jurisdiction over pendent state law claims.[11] *See Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 108 S.Ct. 614, 618–19, 98 L.Ed.2d 720 (1988). This case, however, involves no federal questions but only those based on state law.

Although *Coit* requires the granting of plaintiffs' motion for new trial, the court is of the opinion that the proviso in 12 U.S.C.

---

**7.** In view of *Coit* and *Ticktin,* I departed from *Crossroads* in *Shepherd Financial Corporation v. Federal Savings and Loan Insurance Corporation,* 709 F.Supp. 735, 736 (N.D.Tex.1989). The opinion issued today further refines *Shepherd.*

**8.** Consequently, even if the language quoted from *Coit* is dictum, the decision reached today is nonetheless supported by *Coit's* holding.

**9.** Prior to *Coit,* the Fifth Circuit had not adopted the federalization theory. *See Carrollton–Farmers Branch,* 858 F.2d at 1013–14 & n. 10; *Hudspeth,* 756 F.2d at 1099–1100 (proviso inapplicable not because receivership was federalized, but because so-called "non-proviso" entity was party to the action). As the *Carrollton–Farmers Branch* court recognized, "Congress did not

amend the proviso in 1968 to exclude federalized receiverships from its coverage." 858 F.2d at 1013 n. 10.

**10.** Federal jurisdiction could not be based, however, solely on an answer raising a federal defense. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California,* 463 U.S. 1, 13–14, 103 S.Ct. 2841, 2848–2849, 77 L.Ed.2d 420 (1983).

**11.** The same analysis would apply if the plaintiffs had originally filed this suit in federal court. Jurisdictionally, there is no difference between removed cases and those filed in federal court by a party other than FSLIC. The proviso makes no distinction between such cases.

§ 1730(k)(1) divests this court of subject matter jurisdiction. Accordingly, this case is remanded to the 193rd Judicial District Court of Dallas County, Texas. Each party shall bear its own costs. A certified copy of this order shall be mailed by the clerk of this court to the district clerk of Dallas County, Texas. *See* 28 U.S.C. § 1447(c).

All members of the Northern District of United States District Court, Dallas Division, have agreed to adhere to the result reached in this case in deciding similar questions pending before them. The division has determined *en banc* that it is appropriate—especially in cases that implicate fundamental questions of jurisdiction—that the court acted uniformly. The right to litigate in a particular forum should not depend upon the random assignment of a case to the docket of a particular judge in that forum.

Several district courts have opted to act uniformly where the issue in question should be decided consistently. *See, e.g., Dondi Properties Corp. v. Commerce Savings and Loan Association,* 121 F.R.D. 284 (N.D.Tex.1988); *United States v. Ortega Lopez,* 684 F.Supp. 1506 (C.D.Cal.1988) (en banc) (constitutionality of Sentencing Guidelines); *United States v. Johnson,* 682 F.Supp. 1033 (W.D.Mo.) (en banc) (same), *cert. granted before judgment sub nom., United States v. Mistretta,* — U.S. —, 108 S.Ct. 2818, 100 L.Ed.2d 920 (1988). *See also Baker v. Bowen,* 839 F.2d 1075, 1079 (5th Cir.1988) (determination of appropriateness of fee increases under Equal Access to Justice Act should be uniform in Dallas Division of Northern District of Texas).

Thus, this result will be applied by Chief Judge Porter and Judges Sanders, Buchmeyer, Fish, Maloney, Fitzwater, and Cummings.[12]

SO ORDERED.

12. Senior Judge Woodward, Lubbock Division, has also agreed to follow this result. Judge Mahon, Fort Worth Division, will not follow this result.